UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHRISTELLA MORALES | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO.: _____ |
| | § | (DIVERSITY) |
| SAM'S WEST, INC. D/B/A SAM'S | § | |
| CLUB A/K/A SAM'S #8250 AND | § | |
| PHILLIP MARTINEZ | § | |

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant, **Sam's East, Inc., incorrectly named "Sam's West, Inc. d/b/a Sam's Club a/k/a Sam's #8250** hereby removes to this Court the state court action described below.

1. On October 15, 2020, an action was commenced in the County Court at Law No. 1, of Hidalgo County, Texas, entitled, *Christella Morales vs. Sam's West Inc., d/b/a Sam's Club a/k/a Sam's Club #8250 and Phillip Martinez.*, in Cause Number CL-20-3850-A. A copy of the suit is *attached hereto as **Exhibit A.***

2. The first date upon which Defendant, Sam's East, Inc., received a copy of the said complaint was October 23, 2020, when Defendant was served with a copy of the said complaint and a citation from the said State Court. A copy of the citation issued to Defendant Sam's East, Inc.is *attached hereto as **Exhibit B.*** In accordance with Local Rule 81, the following constitutes all of the executed process, pleadings, and orders served upon Plaintiff and Defendant in this action:

    A) Plaintiff's Original Petition;
    B) Copy of Citation issued to Defendant Sam's East, Inc.;
    C) Copy of Citation issued to Defendant Phillip Martinez;
    D) Docket Sheet – State Court;
    E) Plaintiff's First Amended Original Petition
    F) Defendant Sam's East, Inc.'s Original Answer, Affirmative Defenses and Special Exceptions to Plaintiff's Original Petition, and Requests for Disclosure;

G) Defendant Phillip Martinez' Original Answer, Affirmative Defenses and Special Exceptions to Plaintiff's Original Petition, and Requests for Disclosure;
H) Defendant Sam's East, Inc.'s Request for Jury Trial;
I) Defendant Phillip Martinez' Request for Jury Trial;
J) Order Setting Hearing on Defendant Sam's East, Inc.'s Special Exceptions;
K) Order Setting Hearing on Defendant Phillip Martinez' Special Exceptions;
L) Order Granting Defendant Sam's East, Inc.'s Special Exceptions;
M) Order Granting Defendant Phillip Martinez' Special Exceptions;

In addition and in accordance with the Local Rule, Defendant includes a copy of the Camron County District Clerk's docket sheet of the state court matter a copy of which is *attached hereto as **Exhibit D.***

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. On October 23, 2020, Plaintiff served upon Defendant, Plaintiff's Original Petition, a copy of which *is attached hereto as **Exhibit A.*** In this Original Petition, Plaintiff plead that she seeks only monetary relief over $100,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees. As such, the amount in controversy is in excess of $75,000.00, and removal is appropriate pursuant to 28. U.S. § 1441(b).

4. Defendant is informed and believes that Plaintiff was and still is a citizen of the State of Texas and resides in Hidalgo County.

5. Defendant, Sam's East, Inc., was, at the time of the filing of this action, and still is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Arkansas, and has been served summons and complaint in this action.

6. Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

7. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8. Defendant Phillip Martinez ("Martinez") was improperly joined as a party in state court solely to try and defeat diversity jurisdiction. Plaintiff has no reasonable possibility of

recovering against Martinez for any of the claims made in Plaintiff's Original Petition. Accordingly, the improper joinder of Martinez does not destroy diversity and removal is proper.

9. Improper joinder does not destroy diversity and applies when a plaintiff does not have a valid cause of action against the non-diverse defendant. The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction simply by naming non-diverse defendants. *Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F. 3d 571, 574 (5th Cir. 2006).

10. Under Texas law, an employee of a company is not personally liable for the acts of negligence committed during the course and scope of employment unless it is shown that the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty. *Leit v. Hornsby,* 935 S.W. 2d, 114, 117 (Tex. 1996). Federal courts have repeatedly held that employees who have been sued individually are not properly joined parties and do not defeat diversity jurisdiction because they do not owe and independent duty of reasonable care. See *Bourne v. Wal-Mart Stores, Inc.,* 582 F. Supp. 2d 828 (E.D. Tex. 2008) (assistant manager was improperly joined and did not defeat diversity jurisdiction); *Solis v. Wal-Mart Stores E., L.P.,* 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (department manager who was allegedly responsible for the aisle where plaintiff fell did not owe an independent duty to plaintiff); *McKinney v. Home Depot, USA, Inc.,* 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) (plaintiff failed to allege that the store manager owed an independent duty to the plaintiff); *Allen v. Home Depot U.S.A.,* 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004) (no possibility of recovery against store manager acting in the course and scope of his employment); *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564 (S.D. Tex. 1999) (store manager did not owe plaintiff "any independent duty of reasonable care, apart from that which his employer owed any store patron").

11. In this case, Plaintiff's allegations affirmatively show Martinez was an employee of Sam's who was acting in the course and scope of his employment, and alleges that both Martinez and Sam's are liable in failing to make safe a dangerous condition and failed to caution patrons of the dangerous condition. Exhibit "A" paragraph V. Plaintiff only alleges Martinez is the Club's manager and sues under the theory of Respondeat Superior. Exhibit "A" paragraph VI. Notably, plaintiff fails to allege that Martinez owed an independent duty to the plaintiff. Therefore, lacking any allegations demonstrating an independent duty of care, Plaintiff's complaint does not state a claim against Martinez, and the lack of an independent duty to

plaintiff would determine that joinder of Martinez was improper on the face of the pleadings. *Leitch v. Hornsby,* 935 S.W. 2d 114, 117 (Tex. 1996). Therefore, Martinez is improperly joined and should not be considered for purposes of diversity jurisdiction.

12. Defendant will promptly file a copy of this notice or removal with the clerk of the state court where the suit has been pending.

13. Plaintiff did demand a jury in the state court suit. Defendant likewise demands a jury in the federal court suit.

14. For the foregoing reasons, Defendant asks the Court to remove the suit to The United States District Court, Southern District of Texas, McAllen Division.

**DATED: November 19, 2020**

Respectfully Submitted,

**DAW & RAY, L.L.P.**

*/s/ Jaime A. Drabek*
**JAIME A. DRABEK**
State Bar No. 06102410
Federal ID No. 8643
**RICARDO G. BENAVIDES**
State Bar No. 24031735
Federal ID No. 32205
**ROBERTO CANTU JR.**
State Bar No. 24039518
Federal ID No. 3579145
**JACOB T. CASSO**
State Bar No. 24116178
Federal ID No. 3509760
3900 N. 10th St, Suite 950
McAllen, Texas 78501
Telephone: (956) 687-3121
Facsimile: (956) 686-3188
Email: jdrabek@dawray.com
Email: rbenavides@dawray.com
Email: rcantu@dawray.com
Email: jcasso@dawray.com

**ATTORNEYS FOR DEFENDANT, SAM'S EAST, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by electronic mail on this the **19th day of November, 2020**, to-wit:

Felipe Garcia, Jr.
**LAW OFFICE OF FELIPE GARCIA, JR.**
201 East University Drive
Edinburg, Texas 78539
Telephone: (956) 386-1900
Facsimile: (956) 386-1922
Email: fgjr@hotmail.com

/s/ *Jaime A. Drabek*
Jaime A. Drabek

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | **AFFIDAVIT** |
| COUNTY OF HIDALGO § | |

**BEFORE ME**, the undersigned authority, on this day personally appeared Roberto Cantu, Jr. of McAllen, Hidalgo County, Texas, who being by me duly sworn, deposes and says that he is an attorney for Defendant in the present cause filed by Christella Morales; that he has been authorized to make this Affidavit; and that he has read the foregoing Notice of Removal and knows the contents thereof, and that the matters and facts therein contained are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
Roberto Cantu, Jr., AFFIANT

**SWORN TO AND SUBSCRIBED** before me on this 19th day of November, 2020.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ELIZABETH GARZA
Notary Public, State of Texas
Comm. Expires 05-29-2022
Notary ID 1036241-2