CAUSE NO. **CL-20-3850-A**

| | | |
|---|---|---|
| CHRISTELLA MORALES | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO.___ |
| | § | |
| Sam's West Inc. d/b/a Sam's Club a/k/a Sam's Club #8250 and Phillip Martinez | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Christella Morales**, hereinafter referred to as "Plaintiff Morales", complaining of **Sam's West Inc. d/b/a Sam's Club a/k/a Sam's Club #8250**, hereinafter known as **"Defendant Sam's Club"** and **Phillip Martinez**, hereinafter known as **"Defendant Martinez"**, and for cause of action would respectfully show the following:

## I.
## PARTIES

A.   Plaintiff is a natural person residing in Hidalgo County, Texas.

B.   Defendant, **Sam's West Inc. d/b/a Sam's Club**, is a corporation and can be served at its registered agent CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.
**(Citation is needed)**

C.   Defendant, **Phillip Martinez**, is a natural person. He can be served at his registered agent CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.
**(Citation is needed)**



Case 7:20-cv-00376 Document 1-1 Filed on 11/19/20 in TXSD Page 2 of 6

Electronically Submit
10/15/2020 4:52
Hidalgo County Cl
Accepted by: Alma Nava

CL-20-3850-A

## II.
## VENUE

Plaintiff would show that venue is proper in Hidalgo County, Texas because Hidalgo County is the county in which Plaintiff resides and all or a substantial part of the events or omissions giving rise to this suit occurred in Hidalgo County, Texas, and Defendant operates an office or place of business in this county. Venue is proper in Hidalgo County, Texas pursuant to Sections 15.032 and 15.035 Civil Practice and Remedies Code Ann. (Vernon 1990).

## III.
## REQUEST FOR DISCLOSURE, TO DEFENDANT

Plaintiff hereby serves Request for Disclosures, to Defendant **Sam's Club** in this action is thereby required to set forth the requested information pursuant to Rule 194, of the Texas Rules of Civil Procedure.

## IV.
## FACTS

On or about **October 30, 2019** Plaintiff **Christella Morales** went to the Defendant **Sam's Club** store located at 1400 E. Jackson Ave., Hidalgo County, Texas 78503 as a business invitee. The day was rainy and wet. Plaintiff **Christella Morales** approached the entrance to the store and entered. Immediately after entering she slipped on the entryway carpet causing her to fall violently and injured her knees, back and neck. The entryway carpet/mat was sopping wet, a condition not visible upon normal scrutiny. The condition was hidden and not readily discernible. Shortly an employee of the Defendant **Sam's Club** store advised her that the entryway carpet/mat condition existed every time it rained. The condition was unreasonably dangerous to patrons and was previously known to the Defendants' **Sam's Club and Phillip Martinez**. To be unreasonably dangerous to patrons when wet. No warning signs or caution cones were used to caution and make patrons aware.

CL-20-3850-A

V.
**DEFENDANT SAM'S CLUB NEGLIGENCE**

Defendant **Sam's Club** operates wholesales grocery/home goods stores all over the State of Texas, including a grocery store in the City of McAllen, Texas. As a business owner of this type, it owed patrons coming upon its premises the duty to maintain the premises free from defects that could cause injury to those business invitees coming upon its premises. It also has the duty of conducting business in a reasonable and prudent manner and in a way that will not pose a threat to the safety of its patrons.

Defendants' **Sam's Club and Phillip Martinez** were the possessors and operators of the premises at the time of the occurrence that resulted in Plaintiff's injuries.

Plaintiff entered Defendants' premises with Defendants' knowledge and for their mutual benefit. Plaintiff was a customer shopping at Defendants' grocery/home goods store.

A condition on Defendants' premises posed an unreasonable risk of harm. Unknown to Plaintiff, but known to Defendants'.

Defendants' knew or reasonably should have known of the dangerous condition of the premises because Defendants', or its agents, servants or employees knew or should have known that a dangerous condition existed on which Plaintiff causing her to fall.

Defendants' had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect for areas where a dangerous condition exists. Defendants' breached the duty of ordinary care by negligently failing to inspect the premises for latent defects. In addition, Defendants' breached its duty to use reasonable care to warn or to make the condition safe for Plaintiff. Further, Defendants' breached its duty of care by negligently failing to take whatever action was reasonably prudent under the circumstances to reduce or eliminate the unreasonably risk from the condition.

Case 7:20-cv-00376 Document 1-1 Filed on 11/19/20 in TXSD Page 4 of 6

Electronically Submit
10/15/2020 4:52
Hidalgo County Cl
Accepted by: Alma Nava

CL-20-3850-A

Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages: physical pain, mental anguish, physical impairment, past medical expenses. In addition, Plaintiff in all reasonable probability will suffer future pain and incur future medical expenses.

Plaintiff contends that each of the aforementioned acts and omissions singularly or in combination with others, constituted negligence per se and/or gross negligence, which proximately caused the incident in question and her injuries and damages described below.

## VI.
## DEFENDANT PHILLIP MARTINEZ' RESPONDEAT SUPERIOR FOR NEGLIGENCE OF MANAGER

Defendant **Phillip Martinez** was the manager of the Sam's Club #8250 wherein the incident occurred. As manager of said restaurant he was in control of the premises and in charge of the day to day operations and of all functions within the restaurant as well as the playground outside, on the premises. Phillip Martinez, club general manager and Sam's Club both had a duty to maintain the premises in a manner designed to achieve a standard of safety to ensure the premises was free of dangerous conditions or defects.

## VII.
## PLAINTIFF CHRISTELLA MORALES' INJURIES AND DAMAGES

As a direct and proximate result of Defendant **Sam's Club and Phillip Martinez'** conduct, Plaintiff **Christella Morales** sustained injuries and damages, more particularly as follows:

Plaintiff **Christella Morales** injured her left knee.

Case 7:20-cv-00376 Document 1-1 Filed on 11/19/20 in TXSD Page 5 of 6

Electronically Submit
10/15/2020 4:52
Hidalgo County Cl
Accepted by: Alma Nava

CL-20-3850-A

## VIII.
## PLAINTIFF CHRISTELLA MORALES' MEDICAL EXPENSES

As a further result of all of the above, Plaintiff has incurred reasonable and necessary expenses for medical attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident in question. The charges incurred are reasonable and are the usual and customary charges made for such services in Hidalgo County, Texas and the State of Texas.

Additionally, given the nature and extent of Plaintiff's injuries, there is a reasonable probability that she will require further reasonable and necessary expenses for their continued expenses, medical care and attention.

## IX.
## RULE 47 STATEMENT

The damages sought are within the jurisdictional limits of the Court. Plaintiff seeks only monetary relief that exceeds $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees. Plaintiff further seeks Judgment for all further relief to which Plaintiff deems herself entitled.

## X.
## RECOVERY SOUGHT

Plaintiff would show that by reason of each and all of the foregoing acts and omissions mentioned above, they have sustained injuries and damages for which they seek recovery from Defendant.

Plaintiff **Christella Morales** seeks recovery for the following:
a. Damages for past and present physical pain and suffering;
b. Damages for physical pain and suffering which in reasonable probability Plaintiff will incur in the future;
c. Damages for past and present mental anguish;
d. Damages for mental anguish, which in reasonable probability Plaintiff will incur in the future;

Case 7:20-cv-00376 Document 1-1 Filed on 11/19/20 in TXSD Page 6 of 6

Electronically Submit
10/15/2020 4:52
Hidalgo County Cl
Accepted by: Alma Nava

CL-20-3850-A

e. Damages for reasonable and necessary medical expenses, which Plaintiff has incurred in the past and will incur up to the time of trial;
f. Damages for physical impairment in the past and present;
g. Damages for physical impairment in the future; and
h. Damages for medical expenses which in reasonable probability Plaintiff will incur in the future.

## XI.
## JURY DEMAND

Plaintiff hereby makes her request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the County Clerk of Hidalgo County.

## XII.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

1. Judgment against Defendant for the aforementioned injuries and damages sustained by Plaintiff as alleged herein in an amount above the minimum jurisdictional limits of the Court, together with pre-judgment interest on said judgment;
2. Interest on the judgment at the legal rate until paid;
3. Any and all court costs herein expended;
4. Such other and further relief, at law or in equity, general or special to which they may themselves be justly entitled.

Respectfully submitted,

**LAW OFFICE OF FELIPE GARCIA, JR.**
201 East University Drive
Edinburg, Texas 78539
(956) 386-1900 Telephone
(956) 386-1922 Facsimile
Email: fgjr201@hotmail.com

By: /s/ Felipe Garcia, Jr.
**FELIPE GARCIA, JR.**
STATE NO. BAR 07633000
*ATTORNEY FOR PLAINTIFF*